UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Deangelas Demoyne Cook,                     Case No. 19-cv-2511 (JRT/LIB)

      Plaintiff,

v.                                          **REPORT AND RECOMMENDATION**

Debra Radzak,

      Defendant.

---

This matter came before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. 636.

On October 1, 2020, the undersigned issued an Order, [Docket No. 8], noting that more than ninety (90) days had passed since Plaintiff had commenced the present action, and Plaintiff had not yet provided proof that he had served a summons and a copy of the Complaint on Defendant. Accordingly, the undersigned instructed Plaintiff to file, within twenty (20) days, on CM/ECF proof of service or demonstrate good cause for an extension of time to serve Defendant. (Id.). The undersigned cautioned Plaintiff that if he failed to comply with these directives, the undersigned would recommend that this action be dismissed for failure to effect proper service and failure to prosecute.

On October 21, 2020, Plaintiff requested an extension of time to serve Defendant. Plaintiff requested a thirty day extension.

On October 23, 2020, the Court granted Plaintiff his requested extension, and he was permitted an additional thirty days to serve Defendant. (Order [Docket No. 12]). Plaintiff was again forwarded that if he failed to comply with the Court's directives in the time permitted, the

undersigned would recommend that this action be dismissed for failure to effect proper service and failure to prosecute.

On November 2, 2020, Plaintiff filed a document he labelled as a "Certificate of Personal Service." [Docket No. 13]. However, the document does not indicate service of process was properly effectuated upon Defendant. Instead, the document merely provides that Plaintiff caused a summons and a copy of the Complaint to be served upon "Kiersten, for [Defendant], whose address is [XXX] Carver Road, in the City of Mankato, and State of MN." [Docket No. 13]. The document fails to provide any insight into the identity of "Kiersten" or "Kiersten's" relation to the present action.

It has now been more than one hundred and twenty (120) days since the Court granted Plaintiff a thirty day extension to time to serve Defendant, and Plaintiff has not yet filed on CM/ECF proof of proper service upon Defendant.

Consequently, the Court finds that Plaintiff has failed to abide by the terms of the Court's Order of October 23, 2020. [Docket No. 12]. Because the Court previously forewarned Plaintiff of the potential consequences of failure to abide by the Court's Order, the Court now recommends that this action be dismissed for failure to comply with the Court's Order and for failure to effect proper service.

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice**, for Plaintiff's failure to comply with the Court's Order and for failure to effect proper service.

Dated:  February 23, 2021                                     s/Leo I. Brisbois
                                                              Hon. Leo I. Brisbois
                                                              U.S. MAGISTRATE JUDGE

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).